**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MESFIN MEKONNEN, | No. 06-71228 |
| Petitioner, | Agency No. A096-064-339 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2010

Pasadena, California

Before:     WARDLAW and W. FLETCHER, Circuit Judges, and LYNN,[**]
District Judge.

Mesfin Mekonnen, a native and citizen of Ethiopia, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") affirming the

order of an Immigration Judge ("IJ") denying Mekonnen's application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara M. Lynn, United States District Judge for the
Northern District of Texas, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"), and ordering Mekonnen removed from the United States. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We dismiss in part and deny in part.

The BIA agreed with the IJ's determination that Mekonnen had not demonstrated by clear and convincing evidence that he applied for asylum within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review timeliness determinations, 8 U.S.C. § 1158(a)(3), unless the petitioner raises a constitutional claim, a legal question, or a mixed question of fact and law pertinent to timeliness. 8 U.S.C. § 1158(a)(2)(D); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Here, Mekonnen simply disagrees with the IJ's evaluation of the evidence, and we lack jurisdiction to review this purely factual dispute. Accordingly, we dismiss the portion of Mekonnen's petition that seeks review of his asylum application.

Substantial evidence supports the IJ's finding that Mekonnen failed to establish eligibility for withholding of removal because he did not credibly testify to past persecution or demonstrate a clear probability of future persecution on account of a protected ground. The IJ properly based his adverse credibility determination on Mekonnen's submission of a fraudulent birth certificate, *see Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004), as well as material

2

inconsistencies between Mekonnen's testimony at the removal hearing and the affidavit prepared in conjunction with his asylum application, *see Goel v. Gonzales*, 490 F.3d 735, 737 (9th Cir. 2007). Mekonnen gave contrary accounts of the time of day at which a friend phoned to warn him that police were searching homes in Mekonnen's neighborhood; whether or not Mekonnen showed police his identification card at a checkpoint; and the evidence with which interrogators confronted Mekonnen during questioning at an Addis Ababa detention facility. Each of these inconsistencies "goes to the heart of the claims of persecution," so each sustains the adverse credibility determination in this pre-REAL ID Act case. *See Khadka v. Holder*, No. 05-75726, 2010 U.S. App. LEXIS 17192, at *7 (9th Cir. Aug. 18, 2010).

Substantial evidence also supports the IJ's finding that Mekonnen failed to demonstrate eligibility for CAT relief. Neither Mekonnen's testimony nor his country conditions evidence establish that it is more likely than not that Mekonnen would be tortured if removed to Ethiopia.[1]

**DISMISSED IN PART, DENIED IN PART.**

---

[1] The IJ should have considered the evidence of country conditions in Ethiopia, but failed to do so. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). Because the Country Report in the record does not support Mekonnen's CAT claim, however, the error is harmless.